### L. W. GOSS V. NOBLE RUNNER.

#### [FILED MAY 6, 1890.]

**Work and Labor:** SET-OFF: NEGLIGENCE.  In an action by A
against B to recover for work and labor performed on a farm,
B answered in effect admitting the claim of A, but alleging in
substance that by reason of the negligence of A in driving a
horse of B against a barbed wire fence the horse was greatly
injured, in consequence of which he had sustained damages in
the sum of $125 and $20.50 for medicines and attendance, etc.
*Held*, That the testimony failed to show any negligence of A,
and that the court did not err in refusing to give certain in-
structions on the questions which were asked on behalf of B.

ERROR to the district court for Hall county.   Tried
below before HARRISON, J.

*Thompson Bros.*, for plaintiff in error.

*O. A. Abbott, contra.*

MAXWELL, J.

This is an action for work and labor performed by
Runner for Goss.   Goss in his answer substantially ad-
mits the plaintiff's claim, but as a counter-claim alleges:

"That on the 11th day of July, 1885, said defendant
was the owner of one certain mare of the value of $125,
and that on said last mentioned date said plaintiff, while
engaged in performing the work as aforesaid and was
driving the said mare with another animal hitched to a
corn plow, did carelessly and negligently drive said mare
into a wire fence, and thereby cut, mangle, and injure the
said mare in one of her front feet and leg to such a degree
that she has become entirely worthless and of no value to
this defendant, all of which is wholly the result of the care-

31

lessness and negligence of the said plaintiff as aforesaid, and without any negligence or carelessness whatever on the part of said defendant, said mare from the effects of said injuries has become of no value and thereby said defendant has been damaged in the sum of $125; that also said defendant was damaged by said careless and negligent acts of said plaintiff in being compelled to provide medicines and medical aid for said mare in the sum of $20.50."

On the trial of the cause the jury returned a verdict in favor of Runner for the sum of $117.15, upon which judgment was rendered. The testimony tends to show that in the autumn of 1884 Runner commenced to work for Goss on his farm in Hall county; that at that time Runner was but sixteen or seventeen years of age. So far as the record discloses he was a diligent, faithful employe, who performed his duties to the satisfaction of his employer.

The inclosure referred to in the answer was composed of three barbed wires and was but twenty-four to thirty inches in height, and the corn, which Runner was cultivating, extended within from four to eight feet of the fence. All the testimony shows that the fence was so low that the horses on coming to it were liable, unless checked by the driver, to step over it. The proof also shows that while Runner was cultivating corn on the day named a mare belonging to Goss which he (Runner) was driving placed one of her fore feet over the wire and within the inclosure, by reason of which she was injured. The fence itself seems to have been a source of danger to a team approaching it and required the utmost vigilance to prevent injury to such team.

So far as Runner is concerned, however, there was no negligence proved against him, and no question of that kind to submit the jury. The court, therefore, did not err in refusing to give certain instructions on that question asked on behalf of Goss. Runner performed labor for

many months for Goss, for which he has not been paid. "The laborer is worthy of his hire."

The judgment is right and is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.